# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AQUANETTA MAGETT,<br><br>                          Plaintiff,<br>v.<br><br>HUD,<br><br>                          Defendant. | Case No. 22-CV-808-JPS<br><br>**ORDER** |

On July 14, 2022, this case was removed by Defendant HUD ("Defendant") from Milwaukee County Small Claims Court. ECF No. 1. On October 14, 2022, Defendant filed a motion to dismiss. ECF No. 5. On November 30, 2022, the Court ordered Plaintiff Aquanetta Magett ("Plaintiff") to respond to Defendant's motion. ECF No. 7. The Court noted that her failure to do so would result in a decision on the motion without the benefit of her input. *Id*. Plaintiff failed to respond to the motion to dismiss within the time allocated by the Court. And for the reasons stated herein, the Court will grant the motion to dismiss.

## 1.    FACTUAL ALLEGATIONS[1]

Plaintiff's action against HUD relates to her eviction from her residence, the removal of her belongings, and the subsequent cost associated with keeping those belongings in storage. Plaintiff alleges that in November of 2021, "HUD allowed New Hampton" to put an "eviction on [her]" and that an individual named "Ashley" paid the sheriff to remove

---

[1]The following factual allegations, taken as true, are drawn from Plaintiff's state court complaint. ECF No. 1-2.

her belongings from the residence. For at least eight months thereafter, Plaintiff maintained her belongings in storage. For those storage costs, Plaintiff seeks $1,220.

## 2. GENERAL STANDARDS

District courts have a "special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (internal citation omitted). At the same time, however, district courts are not charged with seeking out legal "issues lurking within the confines" of the pro se litigant's pleadings. *Id*. at 684–85 (internal citation omitted).

On a motion to dismiss, the district court accepts as true the plaintiff's factual allegations. *Harris v. Honey*, No. 90-3037, 1991 U.S. App. LEXIS 27193, at *5 (7th Cir. 1991) (internal citation omitted). "[A]ll such facts, as well as the reasonable inferences that follow, are viewed in the light most favorable to the plaintiff." *Teague v. United States Postal Serv.*, No. 94-C-2152, 1997 U.S. Dist. LEXIS 20864, at *6 (N.D. Ill. Dec. 23, 1997) (internal citation omitted).

## 3. ANALYSIS

Defendant seeks dismissal of this action on various grounds. Among them are the fact that Plaintiff has abandoned the prosecution of this case. Plaintiff has allegedly taken "no action to formally serve Defendant" and did not file a magistrate consent/refusal form. ECF No. 6 at 1. Defendant attests that its communications with Plaintiff prior to the filing of its motion revealed that Plaintiff did not intend to prosecute her case and that she was also uninterested in reviewing a proposed stipulation of dismissal. *Id*. at 2.

Defendant seeks dismissal pursuant to Federal Rule 12(b)(6), pursuant to Federal Rules 4(m) and 12(b)(5) for failure to effect service, and pursuant to Federal Rules 41(b) and 41(c) for failure to prosecute.

The Court has sufficient grounds to dismiss this case for any of the grounds above listed. While a court may not dismiss a pro se case solely by virtue of the plaintiff's failure to respond to a motion to dismiss, it may do so based on a pattern indicating the plaintiff's abandonment of the case and a persistent failure to prosecute. *See, e.g.,* Fed, R. Civ. P. 41(b) (authorizing dismissal with prejudice for failure to prosecute); *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021); Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice."); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (noting that when a party seeks the assistance of the judicial system by filing a lawsuit, she can't just decide for herself when to press the action or when to take a break). A district court may, and often should, dismiss a case for failure to prosecute in order to achieve the orderly disposition of its cases. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

The Court has no indication whatsoever that Plaintiff intends to prosecute this action—to the contrary, it has ample evidence before it that Plaintiff refuses to do so. Plaintiff has made no communication to the Court whatsoever. She has failed to file a magistrate judge jurisdiction form as instructed by the Clerk of Court. She has not served Defendant as required. She has indicated to Defendant that she does not intend to prosecute her case. For these reasons, the Court will dismiss this action.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss, ECF No. 5, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** for failure to prosecute.

The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge